**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JASVINDER SINGH, | No. 19-71253 |
| Petitioner, | Agency No. A200-237-364 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 3, 2020[**]

Before:     MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Jasvinder Singh, a native and citizen of India, petitions pro se for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the BIA's denial of a motion to reopen.  *Perez v. Mukasey*,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

516 F.3d 770, 773 (9th Cir. 2008). We deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Singh's motion to reopen as untimely, where it was filed more than two years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Singh has not established changed country conditions in India to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed); *see also Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening). Because the determination regarding changed country conditions is dispositive, we need not reach the BIA's finding as to prima facie eligibility for relief and Singh's related contentions regarding credibility and whether the BIA afforded proper weight to his evidence. *See Simeonov v. Ashcroft*, 371 F.3d 532, 538 (9th Cir. 2004) (the courts and the agency are not required to make findings on issues the decision of which is unnecessary to the results).

The BIA did not abuse its discretion in denying Singh's motion to reopen based on ineffective assistance of counsel where he filed the motion to reopen nearly two years after the filing deadline and failed to establish the due diligence

2

necessary to warrant equitable tolling of the deadline. *See* 8 C.F.R. § 1003.2(c)(2); *see also Ghahremani v. Gonzales*, 498 F.3d 993, 1000 (9th Cir. 2007) (the 90-day filing deadline runs from the date the petitioner definitively learns of prior ineffective representation).

We lack jurisdiction to consider Singh's contentions relating to his initial removal proceedings because he failed to file a timely petition for review of that order. *See* 8 U.S.C. § 1252(b)(1) ("The petition for review must be filed not later than 30 days after the date of the final order of removal."); *see also Singh v. INS*, 315 F.3d 1186, 1188 (9th Cir. 2003) (30-day deadline is "mandatory and jurisdictional").

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**